UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHENGQIANG DENG,

          Petitioner,

    v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, et al.,

          Respondents.

C26-1377 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

Petitioner Zhengqiang (or Zheng Qiang) Deng is a citizen of the People's Republic of China who was admitted into the United States on a B-2 visa for tourism purposes in December 2016. Britt Decl. at ¶ 4 (docket no. 6); *see* Pet. at 3–4, ¶ 1 (docket no. 1). The B-2 visa expired in June 2017, but Deng remained in the country. *See* Britt Decl. at ¶¶ 4–7 (docket no. 6). On February 17, 2026, members of the Seattle Fugitive Operations interagency team, comprised of Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection personnel, arrested petitioner after stopping the

ORDER - 1

vehicle that he was driving on an onramp to southbound State Route 167 near Renton, Washington.  Ex. B to Andrade Decl. (docket no. 5-2 at 3).

In the pending habeas petition, petitioner's counsel asserted that petitioner's detention was premised on a mistake concerning petitioner's criminal history and that all criminal charges against petitioner have been dismissed.  *See* Pet. at 1 & 4 (docket no. 1). In support of their argument to the contrary, respondents provided a Federal Bureau of Investigation National Crime Information Center ("NCIC") report showing that petitioner was convicted in 2023 of (i) criminal solicitation of a controlled substance offense, and (ii) mortgage fraud, and received a 24-month sentence that was deferred on certain conditions, including payment of a $5,000 fine and the $500 crime victim assessment and completion of 80 hours of community service.  *See* Ex. E to Andrade Decl. (docket no. 5-5 at 6–7); *see also* *State v. Deng*, No. 22-1-03504-4 KNT (King County Superior Court) (https://dja-prd-ecexap1.kingcounty.gov).  Unlike deferred prosecution, a deferred sentence does not result in the dismissal of charges upon compliance with the judgment's terms, and petitioner has offered no evidence that the convictions at issue have been vacated or that the information in the NCIC report is inaccurate.

Notwithstanding petitioner's offenses, respondents do not suggest that petitioner is in mandatory custody pursuant to 8 U.S.C. § 1226(c), but rather contend that he was detained under 8 U.S.C. § 1226(a), pending a decision on whether he should be removed from the United States.  *See* Return at 2 (docket no. 4).  Under § 1226(a), the Attorney General may exercise discretion to release a noncitizen on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(2).  As a result, on March 31, 2026, petitioner was provided a

ORDER - 2

bond hearing, at which the immigration judge determined that petitioner was a potential danger to the community, and petitioner's request for a change in custody status was denied.  _See_ Ex. D to Andrade Decl. (docket no. 5-4).  Petitioner reserved the right to appeal the immigration judge's ruling, but apparently has not yet done so.  _See_ Britt Decl. at ¶ 8 (docket no. 6).

Via a habeas petition filed on April 23, 2026, petitioner seeks release from the Northwest ICE Processing Center ("NWIPC").  Importantly, however, the habeas petition fails to name as a respondent the NWIPC Warden, Bruce Scott, and it does not include any allegation that the immigration judge abused her discretion in refusing to permit petitioner's conditional release on bond.  Respondents request that the Court dismiss the habeas petition for lack of jurisdiction and/or failure to exhaust administrative remedies. Petitioner has not replied to respondents' arguments.

**Discussion**

**A.    NWIPC Warden**

The proper respondent for a petition brought under 28 U.S.C. § 2241 is "the person who has custody over" the petitioner.  _See_ _Rumsfeld v. Padilla_, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242 & 2243); _Doe v. Garland_, 109 F.4th 1188, 1197 (9th Cir. 2024).  The Court has generally been lenient when pro se litigants fail to name the facility warden in their habeas petitions, but petitioner in this matter is represented by counsel, and thus, the Court is not inclined to excuse the pleading deficiency.  Contrary, however, to the approach dictated by respondents' jurisdictional challenge, the Court declines to simply dismiss the habeas petition without prejudice and with leave to amend.

ORDER - 3

Doing so would not be an efficient use of judicial resources because the petition lacks merit for the reasons outlined in the next two sections of this Order.

**B.       Due Process**

The nature of petitioner's due process claim is unclear.  To the extent petitioner contends that he was entitled to a pre-deprivation hearing, he cites no authority for such proposition.  Although the Court has previously released habeas petitioners who were re-detained without notice and an opportunity to be heard, in violation of their due process rights, _see_ _Caceres Banegas v. Hermosillo_, No. C26-499, 2026 WL 586234 (W.D. Wash. Mar. 2, 2026); _Shandiz v. Noem_, No. C26-442, 2026 WL 548047 (W.D. Wash. Feb. 26, 2026); _G.S. v. Hermosillo_, C25-2704, 2026 WL 179962 (W.D. Wash. Jan. 22, 2026), petitioner does not rely on these or similar decisions, and he has made no attempt to analogize his situation (involving an initial detention) to the circumstances of the petitioners in those cases (who were re-detained after being subject to an order of supervision or an order of release on recognizance).  To the extent petitioner asserts that the post-deprivation hearing he received did not comport with the requirements of due process, he has offered no specifics; his attorney has merely recited in boilerplate fashion the factors outlined in _Mathews v. Eldridge_, 424 U.S. 319 (1976), and the standards set forth in its progeny.  Something more is required for the Court to conclude that any due process violation has occurred.  In sum, the due process challenge presented in the habeas petition lacks merit.

/ / /

/ / /

ORDER - 4

## C.    **Denial of Bond**

The determination of whether a noncitizen is "dangerous" for immigration-detention purposes involves a mixed question of law and fact that is reviewable in habeas proceedings.  *See Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024) (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)).  A district court may review for an abuse of discretion a Board of Immigration Appeals ("BIA") decision about dangerousness.  *See id.* at 779–80.  When, however, a habeas petitioner attempts to circumvent BIA review and directly challenge an immigration judge's dangerousness ruling, a threshold question is whether the petitioner must exhaust the available administrative remedies.

In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional.  *See W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)).  Prudential exhaustion is ordinarily required when (i) agency expertise necessitates agency consideration to generate a proper record and decision, (ii) excusing a party from exhausting administrative remedies would encourage the "deliberate bypass" of the administrative scheme; and (iii) administrative exhaustion would likely allow the agency to correct its own mistakes and alleviate the need for judicial review.  *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).  Even when all three *Puga* factors exist, however, the Court may waive prudential exhaustion if (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void."  *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000

ORDER - 5

(9th Cir. 2004)).  Petitioner bears the burden of demonstrating that a basis exists for excusing him from the requirement of administrative exhaustion.  *See* *Aden v. Nielsen*, No. C18-1441, 2019 WL 5802013, at \*2 (W.D. Wash. Nov. 7, 2019).  Petitioner has not, however, addressed the issue or provided any reason why he should not be obliged to first seek relief from the BIA.

Moreover, petitioner has stated no ground for second-guessing the immigration judge's dangerousness finding.  As indicated in the NCIC report, and unrefuted by petitioner, petitioner was convicted within the last three years of a controlled substance offense and mortgage fraud.  Given its recency, the Court cannot discount this criminal history.  Moreover, the Court notes that, instead of trying to explain any extenuating circumstances, petitioner has attempted to deny the convictions; such behavior does not undermine, but rather supports, the immigration judge's denial of bond.  Thus, the Court denies habeas relief.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 1, is DENIED.

(2)     The Clerk is directed to enter judgment consistent with this Order in favor of respondents and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 26th day of May, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 6